UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL A. FALANA,**

    Petitioner,

-vs-                                                                           **Case No. 8:14-CV-1905-T-36EAJ**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on August 6, 2014 (Dkt. 1).[1] On March 6, 2015, Respondent filed a limited response to the petition in which Respondent argued that the petition is untimely and must be dismissed as time-barred (Dkt. 11). Respondent also filed exhibits in support of the motion to dismiss (Dkt. 14). Petitioner filed a reply in opposition to the limited response (Dkt. 16). After carefully examining Respondent's limited response, Petitioner's reply, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

### Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

---

[1] Although the Court received Petitioner's petition on August 7, 2014, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner placed his petition in the prison mailing system on August 6, 2014 (Dkt. 1 at p. 1).

to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on July 17, 2001, ninety (90) days after the appellate court affirmed Petitioner's convictions on April 18, 2001 (Respondent's Ex. 7). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the AEDPA limitation period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired). Therefore, unless the limitation period was tolled by a motion for collateral review, Petitioner had until July 17, 2002, to file his federal habeas petition.

Before the AEDPA limitation period began running, Petitioner filed a motion for post-conviction relief in the state trial court on February 7, 2001, that was dismissed on April 19, 2001 (Respondent's Ex. 16A at "Exhibit B"). On June 15, 2001, Petitioner filed a petition for a writ of habeas corpus in the Florida Second District Court of Appeal (Respondent's Ex. 9), that was denied on November 14, 2001 (Respondent's Ex. 12). On December 31, 2001, Petitioner filed his second petition for a writ of habeas corpus in the Florida Second District Court of Appeal (Respondent's Ex. 14), that was denied on January 9, 2002 (Respondent's Ex. 15). On July 17, 2001, Petitioner filed his second post-conviction motion in the state trial court that was dismissed on January 16, 2002, after Petitioner filed a notice of voluntary dismissal (Respondent's Ex. 16A at "Exhibit D").

Therefore, Petitioner is arguably entitled to statutory tolling until February 15, 2002, when the thirty-day period for filing an appeal of the order dismissing his second post-conviction motion expired.

Thirty (30) days of the AEDPA limitation period expired before Petitioner filed a petition for a writ of habeas corpus on March 18, 2002, in the Third Judicial Circuit Court in and for Madison County, Florida (Respondent's Ex. 16A at "Exhibit F"). The circuit court denied the petition on August 9, 2002 (Id.). Therefore, tolling continued until September 8, 2002, i.e., for the thirty days permitted for filing a notice appeal.[2]

Another 341 days expired before Petitioner filed a Petition for Relief Under All Writs Provision in the Florida Supreme Court on August 15, 2003 (Respondent's Ex. 16). However, the petition, and all of Petitioner's subsequently filed petitions and post-conviction motions (see Respondent's Exs. 18, 28, 34, 40), did not toll the AEDPA limitation period because Petitioner's AEDPA clock had already expired on August 11, 2003.[3] *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, Petitioner's federal habeas petition is untimely. Therefore, absent equitable tolling or a showing of actual innocence, Petitioner's federal habeas petition is time-barred.

---

[2]Petitioner filed a motion for rehearing of the order denying the petition (Respondent's Ex. 16A at "Exhibit G"). The circuit court denied the motion (Id.). Petitioner appealed, and the appellate court dismissed the appeal as untimely because the notice of appeal was not timely filed since the motion for rehearing was untimely (Id. at "Exhibit H" and "Exhibit I"). Therefore, the AEDPA limitation period was not tolled while the motion for rehearing and appeal of the order denying the petition were pending because an untimely application and appeal from the denial of such an application do not toll the federal limitation period. *See Neal v. Sec'y, Dep't of Corr.*, 271 Fed. Appx. 893, 895-96 (11th Cir. 2008).

[3]August 9, 2003, the 365th day of Petitioner's AEDPA limitation period, was a Saturday. Therefore, the limitation period expired the following Monday, August 11, 2003.

The limitation period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (petitioner must show both extraordinary circumstances and diligence). Equitable tolling only applies, however, where the litigant satisfies his burden of showing that he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).

Petitioner has not satisfied his burden of showing circumstances justifying equitable tolling. In his reply, Petitioner makes no showing of extraordinary circumstances which prevented him from filing a timely federal habeas petition. Nor does he demonstrate that he has diligently pursued his rights (Dkt. 16). And he makes no claim of actual innocence which might otherwise justify an exception to the AEDPA limitation bar as a "fundamental miscarriage of justice." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). Finally, Petitioner's contention that jurisdictional challenges are exempt from the AEDPA limitation period is without merit because "[t]here is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction." *McCaa v. Raybon*, 2014 U.S. Dist. LEXIS 73205, at *7 (N.D. Ala. May 13, 2014) (citations omitted). *See also Carpenter v. Motley*, 2007 U.S. Dist. LEXIS 93194, at *10-11 (W.D.Ky. Dec. 18, 2007) ("AEDPA does not extend the time limit for raising state jurisdictional

4

claims. . . .").

ACCORDINGLY, it is **ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on April 27, 2015.

*[signature: Charlene Edwards Honeywell]*
Charlene Edwards Honeywell
United States District Judge

Copy to: Petitioner *Pro Se*
Counsel of Record